PERRINE *v.* PERRINE ET AL.

*Contest of will—Action cannot be dismissed after issues joined.*

The trial court is without power to dismiss an action to contest a will, after the issues have been made up.

(Decided June 23, 1923.)

ERROR: Court of Appeals for Warren county.

*Mr. E. H. Williams* and *Mr. J. N. A. Jameson,*
for plaintiff in error.
*Mr. George E. Young,* for defendants in error.

HAMILTON, J. The plaintiff in error on November 18, 1922, filed a petition in the court of common pleas to contest the will of John Perrine, deceased. To that petition, on January 27, 1923, the defendants filed an answer, claiming the will to be a valid last will and testament. A few days subsequent to the filing of the answer, the court set the case for trial on March 12, 1923.

On the day set for trial, to-wit, March 12, 1923, the plaintiff failed to appear, but his counsel ap-

peared and moved for a continuance of the trial, on the ground that his client, the plaintiff, was ill and not able to appear in court. The application was not supported by affidavit, nor by a physician's certificate, and the court dismissed the case for want of prosecution, at the costs of the plaintiff. To the dismissal, the plaintiff, by his attorney, excepted, and, on that dismissal, prosecutes error to this court.

One of the grounds of error alleged in the petition in error is that the court erred in dismissing the cause for want of prosecution. This brings into review the question of the power of the court to dismiss an action to contest a will after the issues have been made up.

We are of opinion that the court was without this power under the weight of authority.

In the notes in 19 L. R. A. (N. S.), page 121, it is stated generally that in a proceeding to contest the validity of a will, whether before or after probate, at least without the consent of the opposing party, neither the contestant nor the proponent has a right to suffer a nonsuit or dismiss the proceedings after the issues have been made up.

In the case of *St. John's Lodge No. 1* v. *Callender,* 26 N. C., 335, the court says in the opinion:

"The instrument propounded is always brought into court in the first instance, and the jurisdiction is *in rem.* The inquiry is whether the party deceased died testate, or intestate, and if the former, whether the script propounded be his will or a part of it, or not. When once regularly raised, the court must pronounce on those questions, without reference to the presence of this or that person."

In the case of *Roberts* v. *Trawick*, 13 Ala., 68, it was said that the court acted properly in refusing to permit the proponent of a will to take a nonsuit with a view of revision in the Supreme Court, since the lower court is, by statute, required to proceed by investigation and to determine the matters put in issue.

In the case of *Benoist* v. *Murrin*, 48 Mo., 48, the court said:

"The question here is—all the requisite parties being before the court, and every preliminary step having been taken—whether it lies with the contestants to defeat the whole proceeding by a voluntary nonsuit or dismissal. In my view every consideration of public policy is against the allowance of such claim. It is opposed to the authorities and in conflict with the policy and nature of probate proceedings of this character."

In the case of *Hogan* v. *Hinchey*, 195 Mo., 527, it was held that the petition could not be dismissed, although the contestant stipulated in writing that she would no longer contest, and that she conceded the validity of the will.

In the case of *Bradford* v. *Andrews*, 20 Ohio St., 208, our Supreme Court in the opinion says:

"Where a petition for such a contest is filed within the statutory period of limitation, although only part of the persons interested are made parties thereto, the right of action is saved as to all who are ultimately made parties, notwithstanding some of them are not brought into the case until after the period of limitation has expired. If any person interested appears, and in good faith files his petition for a contest, the statute entitles him to a trial, and the verdict of a jury, touching the

validity of the will.  *  *  *  The interest of the parties is joint and inseparable. Substantially this is a proceeding *in rem,* and the court cannot take jurisdiction of the subject-matter by fractions. The will is indivisible, and the verdict of the jury either establishes it as a whole, or wholly sets it aside. To save the right of action therefore to one is necessarily to save it to all.''

The principles thus announced clearly show the danger of a dismissal of a will contest, where the matter is at issue, without submitting the questions involved to the jury to ascertain whether or not the deceased died testate or intestate, and whether the instrument left was or was not his will.

The trial court should have submitted the questions to the jury upon such facts as were presented, and should not have dismissed the case. If the contestant cannot take a nonsuit, much less can the court, on its own volition, dismiss the cause without trial.

The judgment of dismissal will be reversed, and the cause remanded with instructions to reinstate the case, and to submit the questions to the jury under proper instructions.

*Judgment reversed and cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.