MEYER, APPELLANT, *v.* WELSBACHER ET AL., APPELLEES.

(No. 2246—Decided February 5, 1947.)

*Mr. Christian R. Wingerd,* for appellant.
*Mr. Willis E. Himebaugh* and *Mr. Frank J. Menster,* for appellees.

SHERICK, J. This appeal on questions of law from a judgment on a directed verdict in a will contest, rendered at the conclusion of the opening statements in favor of the proponents of the will, presents a rather startling course of procedure of which the contestant complains. The facts which display the situation are as follows:

Contestant in his petition, after pleading the death of a testatrix, his kinship, dates pertinent to the purported will's execution, presentation for and admission to probate, and executor's appointment and qualification, avers "that said paper writing is not the last will and testament of said Ella Meyer," and prays that it be set aside. It is therefore apparent that plaintiff pursued the direction of Section 12082, General Code. No answer was filed. The cause came on for trial. The jury was impaneled and sworn. Thereupon the court, without proceeding to make up the issue by an order on the journal as the aforesaid statute directs, permitted counsel, first for the proponents and next for the contestant, to make their opening

statements to the jury. At conclusion of contestant's statement the proponents moved for dismissal on the ground that none "of the acts complained of and relied upon as constituting undue influence were wrongful." Those statements to the jury were long and in a number of instances beside the point. Of proponents' statement, we make but one comment. It contained a reading of the will. Contestant's statement indicated that he expected to rely upon proof of facts that testatrix was unduly influenced by the unrelated sole beneficiary, the executor; and that the purported will is that of the executor rather than that of the testatrix. Contestant stated that the sole beneficiary was a married man; that the testatrix, a spinster, was in ill health and confined to her bed; that the executor and testatrix were associated in school work; that he called upon her frequently, bringing gifts and unaccompanied by his wife; and that his car was parked at those times in positions of concealment. A clandestine love affair was not claimed.

It is rather difficult to ascertain from the court's statements as displayed by the record just what prompted the court's direction of a verdict, other than it was found that insufficient facts had been stated by contestant to create an issue for a jury's consideration. Whether it was for the reason advanced by the proponents is undisclosed. It is observed that contestant in his closing remarks in his opening statement stated: "We claim that when this set of circumstances which I have enumerated to you is wherein that influence that I mentioned to you came, and this is not the last will of Ella Meyer. This is the will of Mr. Welsbacher."

Just when should an issue be made by an order on the journal, where an issue is not made by the pleadings? The answer of course, is at the trial's commencement. It is elemental that a trial is begun when

the jury is impaneled and sworn. It is equally long recognized that opening statements of counsel are a part of a trial. If there was no issue before the court and jury, then these procedural steps were but the conducting of a moot court. It has long been recognized and followed by the courts in the trial of will contests that the issue must be made by a journal entry at the beginning of the trial in the absence of an answer. This was not done. It was the trial court's duty, under the statute, to make up the issue by an order on the journal before the impaneling of a jury, which is to say before trial was commenced, and in failing to do so it erred.

This conclusion engenders a second question. Just what was the court's duty with respect to the issue at this stage of a will contest? It is first observed as noted in the well considered case of *Niemes* v. *Niemes,* 97 Ohio St., 145, 119 N. E., 503, that a will contest is a civil action. This, however, does not mean that in all respects a will contest is so tried. It hardly needs suggestion that the issues in other civil actions are made by the pleadings and the evidence. In a will contest the same is true. However, it is the usual thing, that such an action is tried upon the general issue made by a journal entry. The order of procedure is directed by statute. It is totally unlike that pursued in other civil actions. Section 12082, General Code, prescribes what the general issue shall be in all will contests. It therefore must follow that a trial court may not limit such a trial to any one of the four or more special issues set forth in the *Niemes case* before the introduction of any evidence in the trial of the case. We recognize, of course, that such may be done at the conclusion of all the evidence.

This court is admonished by appellees' counsel that *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469,

189 N. E., 246, changes all this. It did abolish the "scintilla rule," and held in the second paragraph of the syllabus: "The so-called 'scintilla rule,' requiring a trial judge to submit a case to the jury if there is any evidence, however slight, tending to support each material issue, no longer obtains in Ohio." It went further and did say inferentially in its overruling of *Clark* v. *McFarland,* 99 Ohio St., 100, 124 N. E., 164, that the scintilla rule should not thereafter apply in will contests. This is exemplified in *Westfall* v. *Notman,* 53 Ohio App., 314, 4 N. E. (2d), 932, to which appellees likewise direct our attention. All three of those cases went to a jury. None of them attempted to modify the general issue or the unusual rule of trial procedure prescribed by statute in will contests.

We further recognize that there exists another well recognized rule of civil procedure, *i. e.,* one who has the burden of proof of an issue may have his cause taken from a jury and his action dismissed if he fails in the statement of his case to state his expectancy that the evidence will maintain every element of the issue relied upon. The *Hamden Lodge, Clark* and *Westfall cases, supra,* in no way deal with this rule. Long before and ever since the *Hamden Lodge case,* it has been the practice, and recognized as sufficient, to plead and state the general statutory issue in a will contest. Why should this not be so? One must plead his cause of action. This a contestant in a will contest has done, when he pleads the general issue. Must his opening statement embrace a larger field? Must he state the special issues upon which he elects to proceed? Do the will contest statutes require that he must state everything that he expects to prove on a special issue? The answer to each question is a negative one.

The trial court's order directing a verdict did four

things that ought never be countenanced so long as the present will-contest statutes endure. The court narrowed the issue that is prescribed by statute. The court assumed that no further proof might be made upon the special issue which contestant chose to discuss in his opening statement. It proceeded to find as a matter of law that the facts which contestant stated he expected to prove on the special issue were not wrongful or responsive to the special issue of undue influence. The court thereby invaded the jury's province. The court failed to consider that contestant had pleaded the general issue and had stated in his opening statement that he expected to prove that "this is not the last will of Ella Meyer. This is the will of Mr. Welsbacher." This court desires it to be understood that it is not holding that a will contest cannot arise in which a court would not be warranted in doing as was done in this case. It is, however, hardly conceivable that a contestant would in his opening statement so limit his cause that to proceed further would be utter folly. This controversy is not such a case.

There being prejudicial error in the respects noted, the judgment is reversed and the cause is remanded for trial.

*Judgment reversed and cause remanded.*

Putnam and Montgomery, JJ., concur.