SHARP, APPELLANT, *v.* JOHNSON ET AL., APPELLEES.

(No. 5418—Decided February 25, 1957.)

*Messrs. Baldwin & Miseta, Mr. Frank Miseta, Jr.,* and *Mr. Hubert L. Nichol,* for appellant.
*Mr. Lewis F. Byers,* for appellees.

MILLER, J.   This cause comes to this court upon an appeal on a question of law from a judgment of the Common Pleas Court dismissing the action for want of prosecution.

The record reveals that on November 22, 1948, the plaintiff, appellant herein, filed her petition to set aside the purported last will and testament of Laura G. Saunders, deceased; that service was obtained upon all the defendants; that the case was never called for trial; and that on September 12, 1955, the case was placed on the drop list and the plaintiff was ordered to show cause why the case should not be dropped.   It appears that the attorney who filed the petition was deceased at the time and that the succeeding counsel's name was not carried on the drop list and, for this reason, failed to appear when the case was called.

Motion was then filed supported by affidavit, seeking an order reinstating the case for the following reasons:

1. That the attorney listed as representing plaintiff in the

above-entitled action in the drop list published by the Court of Common Pleas, Franklin County, Ohio, was listed as A. E. Snyder, when in fact the attorneys of record are Rodney B. Baldwin, Hubert L. Nichol and Frank Miseta, Jr.

2. The case is at issue and has been at issue, and this case should have been tried in its normal course and not placed on the drop list in the first instance.

3. The trial court is without power to dismiss an action to contest a will after the issues have been made up.

This motion was overruled on December 1, 1955, and the case was dismissed for want of prosecution. The trial court was of the opinion that the issues had not been made up; hence, under court rule, the case was subject to dismissal for want of prosecution. We are of the opinion that the court's ruling supports that conclusion if the court was correct in its finding that the issues had not been made up.

A proceeding to contest a will is purely and exclusively statutory in Ohio. *Andes* v. *Shippe, Exrx.,* 165 Ohio St., 275, 135 N. E. (2d), 396. The statute pertinent to this proceeding is Section 2741.04 of the Revised Code, which provides:

"In an action under Section 2741.01 of the Revised Code, an issue must be made up, either by pleadings or an order on the journal, whether or not the writing produced is the last will or codicil of the testator, which issue shall be tried by a jury. * * *"

The case of *Meyer* v. *Welsbacher,* 80 Ohio App., 200, 75 N. E. (2d), 89, was a will contest case where no answer was filed. The case was called, the jury impaneled and sworn and opening statements made to the jury, but the issues were not defined by journal entry. The court held that under Section 12082, General Code (now Section 2741.04, Revised Code), it was the duty of the trial court under such a state of facts to make up the issue and journalize it before the impaneling of the jury. The court stated at page 203:

"* * * It has long been recognized and followed by the courts in the trial of will contests that the issue must be made by a journal entry at the beginning of the trial in the absence of an answer. This was not done. It was the trial court's duty, under the statute, to make up the issue by an order on the

journal before the impaneling of a jury, which is to say before trial was commenced, and in failing to do so it erred."

In *Harvie* v. *Goodale,* 6 Ohio Law Abs., 198, the court held that Section 12082, General Code, required that if the issues be not made up by the pleadings they must be made up by the court entry. The court cited the case of *Perrine* v. *Perrine,* 18 Ohio App., 467. It therefore appears that the duty imposed upon the court is mandatory, and the appellant should not be penalized for the court's failure to act in accordance with the statute. It will be noted that in the case of *Harvie* v. *Goodale, supra,* the court stated:

"* * * the judgment of the Court of Common Pleas of Hamilton County, Ohio, will be reversed, and the cause remanded with instructions that the court reinstate the case, make up the issue, bring in all the parties, and submit the question to a jury."

In the case of *Andes* v. *Shippe, supra* (165 Ohio St., 275), the court stated that even "where all the interested persons agree on a settlement in a will contest, it is still necessary, because of the express and unequivocal language of the statute, to impanel a jury for the hearing and determination of the cause."

If the interested persons cannot agree to a compromise settlement of such a case, it would also seem to follow that a plaintiff may not accomplish a similar result by permitting his case to be dismissed for want of prosecution. At page 280 in the last cited case the court definitely stated its conclusion:

"We think that, as long as Section 2741.04, Revised Code, remains in force, one who timely brings an action to contest a will may not thereafter dismiss the same and thus end the case, thereby precluding another party to the action who wants the will voided."

The judgment is reversed and the cause remanded with instructions that the court reinstate the case, make up the issue, and submit the question to a jury.

*Judgment reversed.*

PETREE, P. J., and BRYANT, J., concur.