**HOLIDAY QUEEN LAND CORPORA-TION, Plaintiff-Appellant,**

v.

**Barton BAKER et al., Defendants,**

**Insurance Company of North America,
Defendant-Appellee.**

**No. 73-1119.**

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1974.

Charles R. Stack, Miami, Fla., for plaintiff-appellant.

Charles F. Mills, Miami, Fla., John Carruthers, II, Coral Gables, Fla., for Ins. Co. of North America.

Hugh S. Glickstein, Hollywood, Fla., for King.

Leroy N. Friedman, Philadelphia, Pa., for other defendants.

Before WISDOM, AINSWORTH and GEE, Circuit Judges.

PER CURIAM:

Holiday Queen seeks review of the district court's refusal to dismiss without prejudice, under Rule 41(a)(2), F. R.Civ.P.,[1] Holiday Queen's action against Insurance Company of North America (INA). Holiday Queen sought voluntary dismissal of INA because of Holiday Queen's inability to present evidence of its claim against INA on the date set for trial. As a result the district court entered judgment in favor of INA and

---

1. Rule 41(a).

(2) By order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

dismissed Holiday Queen's action with prejudice. We reverse.

INA was one of numerous defendants in a conspiracy and fraud case brought by Holiday Queen. Although the original complaint was filed July 12, 1971, it was not until July 11, 1972, after substantial discovery and joinder of various other defendants, that Holiday Queen joined INA as a defendant. INA answered on September 14, 1972. The court held pretrial conference on November 3, 1972 and denied a motion for continuance submitted by Holiday Queen and three defendants (not including INA). At the conference the court ruled that the deposition in which Holiday Queen discovered the facts underlying its claim against INA would be inadmissible against INA. In addition, the court refused to reopen discovery for purposes of retaking the deposition, with notice to INA. The court also notified the parties that the trial would commence in ten days, on November 13.

At a hearing on November 8, Holiday Queen renewed its motions for continuance and for voluntary dismissal of INA. Over Holiday Queen's insistence that it could not properly proceed to trial and that no prejudice would befall INA should the dismissal be granted, the district court again denied the motions. On the date of trial the court, upon Holiday Queen's failure to present evidence, entered its judgment.

 As we noted in Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967), a court exercising its discretion in considering voluntary dismissal must:

> follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice *other than the mere prospect of a second lawsuit*. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby.
>
> 385 F.2d at 368 (quoting 2 Barron & Holtzoff Federal Practice and Procedure § 912, Wright's ed. and adding emphasis).

INA came late to the case and suffered a minimum of expense. Had the court granted a voluntary dismissal, INA faced only the annoyance of a second litigation upon the same subject matter. Despite INA's insistence that a second suit would be only a perpetuation of the frivolous and spurious, we conclude that INA would not have lost any substantial right by the dismissal.

Accordingly we reverse the judgment against Holiday Queen and remand with instructions that the Holiday Queen's case be reinstated. On proper motion, the complaint against INA may be dismissed without prejudice upon such terms and conditions as the court deems proper.

Reversed and remanded with instructions.