DOUTHITT ET AL., APPELLANTS, *v.*
GARRISON, APPELLEE.

(No. 10326—Decided December 30, 1981.)

*Mr. Richard C. Lombardi,* for appellants.

*Mr. Ellis B. Brannon,* for appellee.

VICTOR, P.J. This action arises out of an automobile accident that occurred on September 20, 1978. The plaintiffs who are husband and wife filed suit on September 5, 1980.

The plaintiffs allege that a motor vehicle negligently driven by the defendant, Garrison, struck the rear of a vehicle driven by the plaintiff, Lena M. Douthitt. Lena alleges she sustained personal injuries which caused her pain and suffering and which required extensive medical care.

Thornton Douthitt alleged he had lost the conjugal services of his wife, Lena, had incurred medical expenses of $2,598.14 for her medical expenses, paid $479 for substituted services, $20 for towing their vehicle, and $488 for transportation expenses.

Defendant denied all claims of the plaintiffs and alleged the affirmative defenses of contributory negligence, assumption of risk, and supervening causes. The complaint concludes with this prayer for relief:

"WHEREFORE, Plaintiffs pray that they be granted judgment against the Defendant in an amount sufficient to compensate them for their out-of-pocket expenses and all other damages they have suffered plus costs. Plaintiff (*sic*) further demands that the issues raised herein be tried to a jury."

On the date set for trial, July 13, 1981, and before a jury had been impaneled and sworn, the defendant, in open court, moved for judgment pursuant to Civ. R. 54(C) because the prayer of the complaint did not request or claim a specific sum. The court overruled the motion for judgment but limited the plaintiffs' claim to the amounts specifically delineated by Thornton L. Douthitt.

The plaintiffs then orally moved to be permitted to amend their complaint, or to have the case continued, or pursuant to Civ. R. 41, to dismiss their complaint without prejudice. These motions were overruled.

The court pursuant to Civ. R. 54(B) then entered final judgment to fewer than all the claims of plaintiffs and upon a finding there was "no just reason for delay" this appeal followed.

The plaintiffs contend that the trial court committed prejudicial error in overruling their motions.

Before discussing the plaintiffs' claim, we must first dispose of the defendant's contention that the order appealed from is not a final order. Defendant argues that Civ. R. 54(B) does not alter the requirement that an order must be final before it is appealable. We agree. In our judgment, however, the order appealed from is final and thus, appealable.

While the plaintiffs have not separately stated and numbered their causes of action, they have pleaded several, namely: (1) Lena Douthitt's cause of action for personal injuries, (2) Thornton Douthitt's cause of action for loss of his wife's consortium, and (3) Thornton Douthitt's cause of action for the medical and other expenses he incurred as the result of his wife's injuries. The effect of the trial court's order is to dismiss the wife's cause of action for personal injuries and the husband's cause of action for the loss of his wife's consortium. It thereby determines those actions and prevents a judgment. R.C. 2505.02 provides in part that "[a]n order affecting a substantial right in an action which in effect determines the action and prevents a judgment, * * * is a final order * * *" and subject to appellate review. Accordingly, we determine that the order appealed from is final and appealable.

We find no error in the refusal of the trial court to grant an amendment or grant a continuance. Civ. R. 54(C) provides in part:

"* * * a demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand unless he amends his demand not later than seven days before the commencement of the trial. * * *"

We determine that this provision is mandatory. Since plaintiffs did not timely amend, the trial court did not err in refusing the request for amendment. Cf. *Raimonde* v. *Van Vlerah* (1975), 42 Ohio St. 2d 21 [71 O.O.2d 12]. Had due diligence been exercised a timely amendment could have been made. Consequently, we find no abuse of discretion on the part of the trial judge in refusing a request for a continuance and a new trial date. See, also, 1 Ohio Jurisprudence 3d, 611, Actions, Section 182.

In our judgment, however, the trial court erred when it failed to grant the plaintiffs' request for a dismissal without prejudice. Civ. R. 41(A)(1) provides that except in class actions and actions in which a receiver has been appointed, an action may be dismissed by a plaintiff without court order by the plaintiff's filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant. This rule has been held to confer upon a party an absolute right to voluntarily terminate its cause of action at any time prior to the actual commencement of trial. *Standard Oil Co.* v. *Grice* (1975), 46 Ohio App. 2d 97 [75 O.O.2d 81]. In that case the court held that the submission of a motion for summary judgment did not constitute

a commencement of trial so as to prevent a voluntary dismissal by the plaintiff. In Ohio trial has ordinarily been deemed commenced when the jury is impaneled and sworn. *Wagner* v. *State* (1885), 42 Ohio St. 537; and *Meyer* v. *Welsbacher* (1947), 80 Ohio App. 200 [35 O.O. 518]. Thus, unless it is determined that plaintiffs failed to file a notice of dismissal, the case was voluntarily dismissed.

Among the definitions given the verb "to file" is the following: "To place (a document) in a due manner among the records of a court * * *." IV The Oxford English Dictionary (1933), at page 211. Thus, the "filing of a notice of dismissal" connotes something tangible which can be placed among the records of a court case and served on an opposing party as distinguished from an oral statement. Civ. R. 5, paragraphs (D) and (E), recognizes such an interpretation by declaring that the filing of papers required by the rules means "filing them with the clerk of court." Oral requests cannot be so filed. Thus, the plaintiffs failed to voluntarily dismiss their case pursuant to Civ. R. 41(A)(1).

Where dismissal is not possible pursuant to Civ. R. 41(A)(1), an action may not be dismissed "at the plaintiff's instance and request except upon order of the court and upon such terms and conditions as the court deems proper." Civ. R. 41(A)(2). Such an order is obtained by virtue of a motion for dismissal. See Staff Note to Civ. R. 41(A)(2). Such a motion made during a hearing before trial or at trial need not be in writing. Civ. R. 7(B). A dismissal on such a motion is within the sound discretion of the court and is reversible only for an abuse of discretion. Did the court abuse its discretion in denying the plaintiffs' request pursuant to Civ. R. 41(A)(2)? Civ. R. 41(A)(2) is similar to the federal rule [Fed. R. Civ. P. 41(a)(2)]. Federal interpretation of their Rule 41(a)(2) should guide our application of the Ohio Rules. See *Abbyshire Co.* v. *Civil Rights Comm.* (1974), 39 Ohio App. 2d 125 [68 O.O.2d 319]. The federal courts generally permit voluntary dismissals without prejudice unless it is shown that the defendant will suffer plain legal prejudice other than the prospect of a second lawsuit. Thus in *Holiday Queen Land Corp.* v. *Baker* (C.A. 5, 1974), 489 F. 2d 1031, 1032, the court stated:

"* * * a court exercising its discretion in considering voluntary dismissal must: follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice *other than the mere prospect of a second lawsuit*. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby. * * *" (Emphasis *sic*.)

See, also, *Westinghouse Elec. Corp.* v. *United Elec. Radio & Machine Workers of America* (C.A. 3, 1952), 194 F. 2d 770, 771, certiorari denied (1952), 343 U.S. 966; 9 Wright & Miller, Federal Practice and Procedure, 160 *et. seq.,* Section 2364. The record before us is barren of any evidence showing any prejudice to the defendant other than the prospect of a second lawsuit. The plaintiffs, on the other hand, will suffer great prejudice in that their main causes of action will be forever barred. A refusal by the court to consider any equities of the plaintiff is a denial of full and complete exercise of judicial discretion; recent cases have held that equities of the plaintiff should be given whatever weight they deserve. Wright & Miller, *supra*. While we recognize that this situation has been brought about by the actions of plaintiffs' counsel, nonetheless, we believe that justice requires under these circumstances that the plaintiffs be granted their full day in court.

Accordingly, the judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed and*
*cause remanded.*

BELL and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.