DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Joseph Reser, appeals the May 22, 2007 judgment of the Ottawa County Court of Common Pleas which granted appellee, Zoe Edwards, a domestic violence civil protection order. For the reasons that follow, we affirm the trial court's decision. *Page 2 
 {¶ 2} The relevant facts are as follows. On July 11, 2006, appellee, Zoe Edwards, filed a petition for a domestic violence civil protection order ("CPO") pursuant to R.C. 3113.31. The next day, an ex parte order was granted ordering appellant, appellee's live-in ex-boyfriend, to have no contact with appellee and to vacate the residence.
 {¶ 3} A full hearing on the CPO petition was held on August 11 and September 5, 2006, and the following evidence was presented. Appellee's friend, Elizabeth Curtsinger, testified that appellant and appellee had been in a romantic relationship and that she lived with them on West Perry Street. Curtsinger testified that appellee was "a little bit" scared of appellant. Curtsinger testified regarding an event that took place in June 2006, on Put-in-Bay Island, where appellant was yelling at appellee and would not let her leave the room. Curtsinger stated that appellant was intoxicated and that appellee was "[hysterical, crying, shaking, scared, very scared."
 {¶ 4} Curtsinger also testified regarding a late July 2006 incident which took place at their apartment. According to Curtsinger, appellant somehow pushed the locked bedroom door open and was yelling at appellee. Appellee was "hysterical."
 {¶ 5} Finally, Curtsinger testified regarding a series of text and voice messages which appellant sent to her; appellee was with her at the time and did not have her cell phone. The text and voice messages were played to the court; the messages were threatening and used profanity. One of the messages stated: *Page 3 
 {¶ 6} "You better answer you phone or else — you know what? Tell you what, you better not come home tonight. That is my advice to you. I mean, honest to God, it is not a good idea to come fucking home tonight because I am so fucking pissed. * * *."
 {¶ 7} Kristy Reser, appellant's sister, testified that appellee told her that appellee wanted to dismiss the CPO petition but that her family advised her against it. Reser further stated that appellee told her that she was not afraid of appellant, appellee just wanted him to move out of the apartment which he did.
 {¶ 8} Between the first and the second hearing day, appellee filed a motion to withdraw the CPO petition. Appellee stated that the CPO was no longer needed because she would be "out of the area" and there would be no contact with appellant. The motion was denied on September 5, 2006; on the same date, the magistrate issued a domestic violence CPO in favor of appellee.
 {¶ 9} On September 12, 2006, appellant filed objections to the magistrate's decision. Appellant argued that the granting of the CPO was against the weight of the evidence and was not supported by sufficient evidence; that the magistrate erred when it denied appellee's motion to dismiss; and that the order violated various constitutional provisions. On January 5, 2007, following a hearing before the magistrate, the magistrate noted that appellee no longer wished to dismiss the CPO petition and that she was still afraid of appellant. On May 22, 2007, the trial court affirmed the magistrate's decision. This appeal followed.
 {¶ 10} Appellant now raises the following four assignments of error: *Page 4 
 {¶ 11} "1. The trial court erred in granting the petitioner's petition for civil protection order as doing so was against the manifest weight of the evidence.
 {¶ 12} "2. The trial court erred in granting the petitioner's petition for civil protection order as the petitioner failed to prove all elements necessary for the granting of a domestic violence civil protection order.
 {¶ 13} "3. The trial court erred by failing to grant the petitioner's Motion to Withdraw Petition.
 {¶ 14} "4. The trial court erred by granting the petitioner's petition for civil protection as doing so violated the Defense of Marriage Amendment, Section 11, Article XV of the Ohio Constitution."
 {¶ 15} In his first and second assignments of error, appellant argues that the trial court's decision granting appellee's petition for a CPO was against the manifest weight of the evidence and was not supported by sufficient evidence. In order to grant a civil protection order pursuant to R.C. 3113.31, a petitioner must demonstrate:
 {¶ 16} "* * * the occurrence of one or more of the following acts against a family or household member:
 {¶ 17} "(a) Attempting to cause or recklessly causing bodily injury;
 {¶ 18} "(b) Placing another person by the threat of force in fear of imminent serious physical harm * * *." R.C. 3113.31(A)(1)
 {¶ 19} Further, a "household member" is defined, in relevant part, as:
 {¶ 20} "(3) `Family or household member' means any of the following: *Page 5 
 {¶ 21} "(a) Any of the following who is residing with or has resided with the respondent:
 {¶ 22} "(i) A spouse, a person living as a spouse, or a former spouse of the respondent;
 {¶ 23} "* * *.
 {¶ 24} "(4) `Person living as a spouse' means a person who is living or has lived with the respondent in a common law marital relationship, who otherwise is cohabiting with the respondent, or who otherwise has cohabited with the respondent within five years prior to the date of the alleged occurrence of the act in question."
 {¶ 25} The petitioner seeking the civil protection order must prove domestic violence or threat of domestic violence by a preponderance of the evidence. Felton v. Felton, 79 Ohio St.3d 34, paragraph two of the syllabus, 1997-Ohio-302. Thus, in a case where an appellant argues that the trial court's judgment is against the manifest weight of the evidence, a reviewing court will not reverse the trial court's decision if it is supported by some competent, credible evidence going to the essential elements of the case. CE. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, syllabus. Further, on appeal, we presume the validity of the trial court's factual findings because the trial court is in the best position to observe the witnesses and weigh the credibility of the proffered testimony. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 26} Appellant first argues that appellee failed to present any evidence of any threatened or actual domestic violence. Another text message sent by appellant stated: "I *Page 6 
am serious. You best text back or else this is war. You don't want to get me on your bad side. * * *. I would highly suggest that you answer this next fucking phone call. I highly suggest it Zoe. You could make this a lot easier if you just fucking come clean and fucking tell me everything * * *." Further Elizabeth Curtsinger testified that appellant broke through a locked door to verbally assault appellee.
 {¶ 27} Appellant next argues that appellee failed to provide evidence that she and appellant were "living as spouses" as defined in R.C.3113.31. Appellant relies on State v. Williams, 79 Ohio St.3d 459,1997-Ohio-79, where the Supreme Court of Ohio defined the essential elements of cohabitation as "(1) sharing of familial or financial responsibilities and (2) consortium." Id. at paragraph two of the syllabus. The court further stated: "Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations." Id. at 465.
 {¶ 28} Appellant contends that because the parties appeared not to respect, comfort, or aid each other there was no evidence of consortium. Certainly, in most domestic violence cases the parties have a volatile relationship; if this fact negated consortium, few domestic violence cases would be successful. Williams stressed the fact that each case is unique and must be decided on a case-by-case basis. Id.
 {¶ 29} In the instant case, evidence was presented that the parties had been in a boyfriend-girlfriend relationship for over two years and had shared an apartment and a bedroom. On review of all the evidence presented, we cannot say that the trial court *Page 7 
erred when it found that the parties cohabitated. Accordingly, because we find that competent, credible evidence supports the trial court's judgment granting a domestic violence CPO appellant's first and second assignments of error are not well-taken.
 {¶ 30} Appellant, in his third assignment of error, argues that the trial court erred by failing to grant appellee's motion to withdraw the CPO petition under either Civ.R. 41(A)(1) or (2). Civ.R. 41 provides:
 {¶ 31} "(A) Voluntary dismissal: effect thereof
 {¶ 32} "(1) By plaintiff; by stipulation. Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 {¶ 33} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;
 {¶ 34} "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.
 {¶ 35} "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.
 {¶ 36} "(2) By order of court. Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiffs instance except upon order of the court and *Page 8 
upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiffs motion to dismiss, a claim shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice."
 {¶ 37} Regarding Civ.R. 41(A)(1), appellant acknowledges that the motion must be made prior to trial; however, appellant argues thatGreat Seneca Financial Corp. v. Emler, 5th Dist. No. 05CA000030,2005-Ohio-6465, is similar to the facts of this case. In GreatSeneca, the court held that the creditor's notice of voluntary dismissal was timely and should have been granted because opening statements had not been presented. Id., ¶ 31.
 {¶ 38} In this case, appellant argues that because opening statements were waived, the trial never commenced. We strongly disagree. The trial in this matter commenced on August 11, 2006, and was continued until September 5, 2006. Counsel in the case had the option of waiving opening statements; once the testimony began, the trial commenced. Further, appellant's pleading was captioned as a motion to withdraw and specifically sought the court's approval; Civ.R. 41(A)(1) provides for a unilateral dismissal without court approval.
 {¶ 39} Appellant also argues that the petition should have been dismissed under Civ.R. 41(A)(2). The decision to grant a Civ.R. 41(A)(2) motion for dismissal is within *Page 9 
the sound discretion of the trial court. Capital One Bank v. Woten,169 Ohio App.3d 13, 2006-Ohio-4848, ¶ 14, citing Douthitt v. Garrison
(1981), 3 Ohio App.3d 254, 256. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 40} The September 5, 2006 order summarily denied the motion without explanation. However, at the conclusion of the hearing on the same date, the magistrate noted:
 {¶ 41} "As I am sure counsel are aware, once a petition is filed, the ultimate determination as to whether or not that petition will be dismissed rests with the Court, not necessarily with the desire of either party.
 {¶ 42} "We have a duty. Society has an interest in protecting the peace of its citizens and the protection of its citizens."
 {¶ 43} At the time appellee filed her motion to dismiss, the magistrate had heard Elizabeth Curtsinger's testimony and had heard the content of appellant's text and voice messages. Based on the foregoing, we cannot say that the court erred when it denied appellee's motion to dismiss the petition. Appellant's third assignment of error is not well-taken.
 {¶ 44} In appellant's fourth and final assignment of error, he argues that R.C. 3113.31 is unconstitutional as it violates the Defense of Marriage Amendment, Section 11, Article XV of the Ohio Constitution by creating a legal status for individuals who *Page 10 
cohabitate. In State v. Carswell, 114 Ohio St.3d 210, 2007-Ohio-3723, the Supreme Court of Ohio held:
 {¶ 45} "The term `person living as a spouse' as defined in R.C.2919.25 merely identifies a particular class of persons for the purposes of the domestic-violence statutes. It does not create or recognize a legal relationship that approximates the designs, qualities, or significance of marriage as prohibited by Section 11, Article XV of the Ohio Constitution." Id. at syllabus.
 {¶ 46} Similar to R.C. 2919.25, R.C. 3113.31 includes protection for a "person living as a spouse." Accordingly, following Carswell, we find that R.C. 3113.31 does not confer a legal status upon those who cohabitate; rather, it creates a classification for purposes of obtaining a civil protection order. Appellant's fourth assignment of error is not well-taken.
 {¶ 47} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee of filing the appeal is awarded to Ottawa County.
 JUDGMENT AFFIRMED. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, Concur. *Page 1