[Cite as *Jeffers v. Athens Cty. Commrs.*, 2011-Ohio-675.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

State of Ohio, ex rel.
Richard Jeffers, :

    Relator-Appellant/Appellee, : Case Nos: 10CA3 & 10CA15

v. :

     : DECISION AND
Athens County Commissioners, et al., : JUDGMENT ENTRY

    Respondents-Appellees/Appellants. : File-stamped date: 2-9-11

_____

APPEARANCES:

John P. Lavelle and Robert R. Rittenhouse, Lavelle and Associates, Athens, Ohio, for
Richard Jeffers, Relator-Appellant\Appellee.

C. David Warren, Athens County Prosecutor, Athens, Ohio, Robert H. Stoffers,
Mazanec, Raskin, Ryder & Keller Co., Columbus, Ohio, and Douglas C. Boatright,
Isaac, Brant, Ledman & Teetor, LLP, of Columbus, Ohio, for the Board of Athens
County Commissioners, Respondents-Appellees/Appellants.

_____

Kline, J.:

**{¶1}** The Board of Athens County Commissioners ("Board") vacated two roads.

Richard Jeffers appealed the Board's two decisions to the Athens County Common

Pleas Court ("trial court"), which dismissed both appeals. Jeffers now appeals the trial

court's dismissal of the appeals to this court. After review, we find that the trial court did

not abuse its discretion in dismissing the appeals.

{¶2}     In a separate case, the trial court issued a writ of mandamus, which commanded the Board to institute damages proceedings under Chapter 163 of the Revised Code.  The Board now appeals the trial court's issuance of the writ of mandamus.  On appeal, the Board first claims that the trial court erred because it did not carry out a mandate from a prior opinion issued out of our court.  Specifically, the Board asserts that our prior opinion only afforded Jeffers the right to a damages hearing before the Board, instead of proceedings under Chapter 163 of the Revised Code.  Because we find that the lower court correctly applied our previous opinion in this case, we disagree.  The Board next contends that an amendment to the Revised Code no longer requires it to institute proceedings under Chapter 163 of the Revised Code.  Because we find that the lower court correctly determined that these changes to the Revised Code are prospective only and do not apply to the mandamus action, we disagree.  Accordingly, we find that the trial court did not abuse its discretion in issuing the writ of mandamus.

{¶3}     The Board raises four other assignments of error.  But all of these assignments go to the issue of damages.  Since the Board may prevail on these issues in its proceedings under Chapter 163 of the Revised Code, we find that these issues are not yet ripe for review.

{¶4}     Accordingly, we affirm the judgments of the trial court.

I.

{¶5}     As the trial court noted, these cases have a tortured history.  The dispute between the parties stems from the decisions of the Board to vacate two roads in 2004.  We lay out only the most basic facts.  A more detailed statement of the facts is

contained in our previous decision in *Jeffers v. Bd. of Athens Cty. Commrs.*, Athens App. No. 06CA39, 2007-Ohio-2458.

{¶6} Essentially, this case concerns three cases before the trial court. Cases 04CI0282 and 04CI0324 are appeals to the trial court from the determination of the Board that the vacations of Red Lane Road and Jeffers Road were for the public convenience and welfare of Athens County. These cases were consolidated before the trial court, and they are designated case number 10CA3 before this court. Case number 06CI0190 is a mandamus action before the trial court. In this action, Jeffers filed a petition requesting a writ of mandamus to order the Board to institute damages proceedings pursuant to Chapter 163 of the Ohio Revised Code.

{¶7} In the mandamus action, Jeffers amended the complaint to add various claims. Jeffers included a series of claims for money damages under Section 1983, Title 42, U.S.Code. Essentially, these claims rely on the same facts as Jeffers's claim for mandamus. That is, Jeffers alleged that the Board was obliged to institute proceedings under Chapter 163 of the Ohio Revised Code, and its failure to do so harmed Jeffers by violating various constitutional rights.

{¶8} At one point in the litigation, Jeffers filed a motion indicating that he intended to proceed solely on the issue of damages. The motion indicated that Jeffers "is willing to forego the O.R.C. § 5563.10 appeal on the *public convenience and necessity* issue as to whether Alexander Township Roads, # 548 and 544, Red Lane and Jeffers Road should be closed, when a proper Chapter 163.01 Petition and deposit of monies is filed by the appropriating authorities." (Emphasis in original). In other words, Jeffers decided that he now wished to proceed only on his mandamus action to force the Board

to hold damages hearings pursuant to R.C. 163.01-163.63.  This is evidenced by the following statement from the trial court at a hearing held on November 16, 2009: "I had deduced that Mr. Jeffers was essentially saying I've decided to give up on this issue of whether it was wise or not wise to close these roads and I just want to have a damages trial, jury trial.  That was what I thought I heard him say.  And I then tried to express what my conclusions would be if that were Mr. Jeffers'[s] decision.  And I concluded that I'd have to dismiss the appeals and the [Board] would have been successful in closing the roads."  Jeffers's attorney stated, "[y]our Honor, I think you've accurately summarized the status of the proceedings."

**{¶9}**     The trial court issued an order that dismissed Jeffers's appeals on December 16, 2009.  Jeffers appealed this dismissal on January 15, 2010.  The trial court then issued the separate writ of mandamus on April 5, 2010.  The Board appealed the issuance of the writ on May 4, 2010.

**{¶10}**     In case number 10CA03, Jeffers assigns the following error for our review: "The Trial Court erred in dismissing Appellant's road closure appeal, which was based upon an express condition that had not yet been satisfied."

**{¶11}**     In case number 10CA15, the Board assigns the following six errors for our review: I. "JEFFERS HAS RECEIVED THE HEARINGS ORDERED BY THIS COURT IN ITS RULING IN *RICHARD L. JEFFERS V. BOARD OF ATHENS COUNTY COMMISSIONERS*, FOURTH DISTRICT COURT OF APPEALS, CASE NO. 06CA39." II. "JEFFERS IS NOT ENTITLED TO A REVISED CODE CHAPTER 163 HEARING HEREIN BECAUSE REVISED CODE SECTION 5553.11 NO LONGER REQUIRES SUCH HEARINGS IN ROAD VACATION MATTERS."  III. "JEFFERS SUSTAINED NO

DAMAGES AS A RESULT OF THE VACATION OF ALEXANDER TOWNSHIP ROAD[]

548 BECAUSE HE COULD NOT HAVE USED ALEXANDER TOWNSHIP ROAD 548

FOR AN INGRESS AND EGRESS ONTO HIS PROPOSED SUBDIVISION." IV. "THE

VACATION OF ALEXANDER TOWNSHIP ROADS 548 AND 554 HAS NOT CHANGED

JEFFERS USE OF THE ROADWAY BECAUSE THE VACATION OF ROADS BY

PRESCRIPTIONS DO NOT CLOSE THE ROADS BUT MERELY CONVERT THEM TO

PRIVAT[E] DRIVES WHICH ABUTTING LAND OWNERS MAY CONTINUE TO USE."

V. "JEFFERS MAY NOT USE HIS PROPOSED SUBDIVISION AS SUPPORT OF

LOSS OF VALUE OF HIS PROPERTY AS A RESULT OF THE VACTION OF

ALEXANDER TOWNSHIP ROAD 548." And, VI. "THE VACATION OF ALEXANDER

TOWNSHIP ROADS [54]8 AND 554 DID NOT LANDLOCK JEFFERS' PROPERTY."

II.

**{¶12}** We first consider Jeffers's appeal from the trial court's dismissal of his appeals challenging the vacation of the roads. Essentially, the trial court dismissed these appeals under the authority of Civ.R. 41(A)(2). This rule provides that "a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper." Civ.R. 41(A)(2).

**{¶13}** We review the decision of a trial court to dismiss an action under Civ.R. 41(A)(2) for an abuse of discretion. *Edwards v. Reser*, Ottawa App. No. OT-07-022, 2007-Ohio-6520, at ¶39, citing *Capital One Bank v. Woten*, 169 Ohio App.3d 13, 2006-Ohio-4848, at ¶14, in turn citing *Douthitt v. Garrison* (1981), 3 Ohio App.3d 254, 256.

**{¶14}** "An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable." *Pryor v.*

*Pryor*, Ross App. No. 09CA3096, 2009-Ohio-6670, at ¶22, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.  In order to demonstrate an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 1996-Ohio-159.

**{¶15}**    In the November hearing quoted above, the trial court explained that if Jeffers no longer wished to contest the vacation of the roads the trial court would "have to dismiss the appeals and the [Board] would have been successful in closing the roads." Jeffers then agreed with this statement as a summary of the proceedings.  The trial court evidently understood this as Jeffers requesting that the trial court dismiss the appeals in cases 04CI0282 and 04CI0324.  At the end of the hearing the trial court stated it would "assume I could dismiss two of the three files here."  Jeffers's counsel raised no objections or qualms before the trial court in regard to this statement.  This being so, we cannot say that the trial court abused its discretion in dismissing Jeffers's appeals.

**{¶16}**    Accordingly, we overrule Jeffers's sole assignment of error.

III.

**{¶17}**    We now turn to the Board's appeal from the trial court's issuance of the writ of mandamus.  Before we consider the Board's assignments of error, we first consider Jeffers's argument that the writ is not a final appealable order because the order granting the writ did not address other claims contained in the complaint for mandamus.

In short, Jeffers contends that the order fails to resolve other claims between the parties that touch on the same facts as the mandamus claim.

### A. The Writ of Mandamus is a Final Appealable Order

**{¶18}** "Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district." *Caplinger v. Raines*, Ross App. No. 02CA2683, 2003-Ohio-2586, at ¶2, citing Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. "If an order is not final and appealable, then we have no jurisdiction to review the matter." *Saunders v. Grim*, Vinton App. Nos. 08CA668 & 08CA669, 2009-Ohio-1900, at ¶5.

**{¶19}** "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 306. "An order which adjudicates one or more but fewer than all the claims presented in an action also must meet the requirements of Civ.R. 54(B) in order to be final and appealable." *Oakley v. Citizens Bank of Logan*, Athens App. No. 04CA25, 2004-Ohio-6824, at ¶9, citing *Noble v. Colwell* (1989), 44 Ohio St.3d 92, syllabus. Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

**{¶20}** The trial court made a finding under Civ.R. 54(B) that "there is no just reason for delay." This finding under Civ.R. 54(B) is akin to a factual finding. See *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 355, 1993-Ohio-120. "In making its factual

determination that the interest of sound judicial administration is best served by allowing an immediate appeal, the trial court is entitled to the same presumption of correctness that it is accorded regarding other factual findings." Id. "'While this is a very deferential standard, and appellate courts are reluctant to strike such a certification, the trial court's use of the 'magic language' of Civ.R. 54(B) does not, by itself, convert a final order into a final *appealable* order.'" *Bell v. Turner*, Highland App. Nos. 09CA20 & 09CA21, 2010-Ohio-4506, at ¶11, quoting *Oakley* at ¶11 (emphasis sic).

**{¶21}** Typically, a judgment is not a final appealable order if it resolves one claim but leaves unresolved other claims that touch on the same factual issues, regardless of Civ.R. 54(B) language. See *Portco, Inc. v. Eye Specialists, Inc.*, 173 Ohio App.3d 108, 2007-Ohio-4403, at ¶10 (finding that a judgment must resolve all claims before judicial economy would be served by considering the appeal because the claims and counterclaims all touch on the same facts). However, based on the unusual posture of this case, we find that the trial court correctly determined that the interest of sound judicial administration supports our consideration of this appeal now.

**{¶22}** The difficulty is that in addition to his claim for a writ of mandamus, Jeffers included a series of claims for damages under Section 1983, Title 42, U.S.Code. Essentially, these claims rely on many of the same facts as Jeffers's claim for mandamus.

**{¶23}** But we find that the issuance of the writ of mandamus disposes of these actions, at least for the moment. Under Ohio law, a plaintiff must first exhaust the remedies available under mandamus before the plaintiff can pursue an action under Section 1983. *Home Builders Assn. of Dayton & Miami Valley v. Lebanon*, 167 Ohio

App.3d 247, 2006-Ohio-595, at ¶42-43; see, also, *River City Capital, L.P. v. Bd. of Cty.*

*Commrs., Clermont Cty., Ohio* (C.A.6, 2007), 491 F.3d 301, 307. Therefore, Jeffers

must exhaust his potential mandamus relief before he may pursue relief under Section

1983. Therefore, all that remains for the constitutional claims is for the trial court to

either stay them pending the resolution of the mandamus action or to dismiss them. We

offer no opinion on which solution is more procedurally correct.

**{¶24}** At a minimum, the trial court would need to stay the various constitutional

claims. And if the claims were merely stayed during the pendency of the mandamus

order, they would effectively prevent appellate review until after the Board had already

complied with the mandamus order. This would render any appeal from the writ of

mandamus moot, effectively preventing mandamus review. If appellate review is to be

had of the writ of mandamus, then it must be now because the trial court may take no

further actions in regard to the constitutional claims until after the completion of the

mandamus action. We therefore conclude that the trial court correctly determined that

the interests of sound judicial administration support our review of the writ of mandamus

at this time.

**{¶25}** Accordingly, we conclude that the order appealed in this case is a final

appealable order and that we have jurisdiction over the same.

### B. Writ of Mandamus

**{¶26}** The Board raises six assignments of error for our review. Of these

assignments of error, the first two concern whether Jeffers was entitled to the writ of

mandamus. We will consider these assignments of error together. "Mandamus is a

writ, issued in the name of the state to an inferior tribunal, a corporation, board, or

person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "'Mandamus is the appropriate action to compel public authorities to institute appropriation proceedings where an involuntary taking of private property is alleged.'" *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, at ¶11, quoting *State ex rel. Shemo v. Mayfield Hts.*, 95 Ohio St.3d 59, 63, 2002-Ohio-1627.

**{¶27}** In order to be entitled to a writ of mandamus, Jeffers must establish that he had a clear legal right to the requested relief, that the Board had a corresponding clear legal duty to comply, and that Jeffers has no adequate remedy in the ordinary course of the law. See *State ex rel. Savage v. Caltrider*, 100 Ohio St.3d 363, 2003-Ohio-6806, at ¶8, citing *State ex rel. Ferguson v. Court of Claims of Ohio, Victims of Crime Div.*, 98 Ohio St.3d 399, 2003-Ohio-1631, at ¶10. We review a trial court's decision on whether to issue a writ of mandamus under the abuse of discretion standard. *Athens Cty. Commrs. v. Ohio Patrolmen's Benevolent Assn.*, Athens App. No. 06CA49, 2007-Ohio-6895, at ¶45, citing *Truman v. Village of Clay Center*, 160 Ohio App.3d 78, 2005-Ohio-1385, at ¶16.

**{¶28}** The Board's first assignment of error is that Jeffers received all the hearings required after our previous remand in this case. Our prior opinion stated: "If the Board and Jeffers agree on the proper amount of compensation, then the road is legally vacated once the agreed amount is paid. But, if the Board and Jeffers do not agree, then the road is not legally vacated until the amount of compensation and damages is paid as determined in accordance with Revised Code Chapter 163. Therefore, assuming that negotiations have failed, the only way for the Board and Jeffers to know if

they agree or disagree is for the Board to hold a hearing on the issue and determine the amount." *Jeffers* at ¶10. The Board contends, based on this language, that "[t]he remand was for a hearing before the [Board], not a Revised Code Chapter 163 hearing." Merit Brief of the Board at 11. This argument is without merit.

**{¶29}** The hearing before the Board was to determine whether Jeffers and the Board agreed on the proper amount of compensation. Evidently, Jeffers and the Board do not agree on the proper amount of compensation. Our prior opinion clearly states that, "if the Board and Jeffers do not agree, then the road is not legally vacated until the amount of compensation and damages is paid as determined in accordance with Revised Code Chapter 163." Id. Accordingly, the trial court did not abuse its discretion in ordering the Board to comply with Revised Code Chapter 163 based on our prior opinion, and we overrule the Board's first assignment of error.

**{¶30}** In its second assignment of error, the Board contends that the trial court erred by issuing the writ because Jeffers does not have a clear legal right to the requested relief. During the pendency of this case, the Ohio General Assembly amended R.C. 5553.11 and, in so doing, specifically excepted vacations of roads from "sections 163.01 to 163.22 of the Revised Code." R.C. 5553.11. This amendment was effective on April 7, 2009. This assignment of error asks us to construe the recent amendments to R.C. 5553.11. "'When interpreting statutes and their application, an appellate court conducts a de novo review, without deference to the trial court's determination.'" *Roberts v. Bolin*, Athens App. No. 09CA44, 2010-Ohio-3783, at ¶20, quoting *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506.

**{¶31}** The Board contends that, "[i]n *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 107-108 [superseded by statute on other grounds], the Ohio Supreme Court addressed the application of amended statutes and found that where they are remedial in nature and only affect the remedy of a party and not a substantive right they are effective when amended[.]" Merit Brief of the Board at 13. But this is an inaccurate statement of the law. The question of whether an amendment is remedial or substantive goes to whether the retroactive application of a statute violates the Ohio Constitution. "'The general assembly shall have no power to pass retroactive laws.' Section 28, Article II, Ohio Constitution. However, this prohibition of passing retroactive laws applies to laws affecting substantive rights, not laws of a remedial or procedural nature. *Kilbreath v. Rudy* (1968), 16 Ohio St.2d 70, paragraph one of the syllabus. 'Laws of a remedial nature providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of such laws.' Id. at paragraph two of the syllabus. '[S]ubstantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress.' *State ex rel. Holdridge v. Indus. Comm.* (1967), 11 Ohio St.2d 175, 178." *In re Estate of Pendleton*, 141 Ohio App.3d 708, 711-12, 2001-Ohio-2413.

**{¶32}** Before we reach the question of whether a statute is remedial or substantive, a court must first establish that the statute in question is in fact retroactive. *Wagner v. Anchor Packing Co.*, Lawrence App. No. 05CA47, 2006-Ohio-7097, at ¶13; see, also, R.C. 1.48.

{¶33}    Here, the statute reads: "If the proceeding is for an improvement other than the vacation of a road and the board of county commissioners, at its final hearing on the proposed improvement, orders the improvement established, it shall proceed in accordance with sections 163.01 to 163.22 of the Revised Code."  R.C. 5553.11.  The amendment inserted the phrase "the proceeding is for an improvement other than the vacation of a road and[.]"  The amendment also deleted the phrase ", inclusive," that appeared immediately preceding "of the Revised Code."  See Sub.H.B. No. 318.  There is nothing in the language of the statute that expressly states that the amendment to the statute should be applied retroactively.  As such, we find the trial court correctly determined that the amendments to R.C. 5553.11 only apply prospectively.

{¶34}    The Board also claims that the travels and travails of cases 04CI0282 and 04CI0324 and their transference from the common pleas court to the Board and back several times somehow allows the application of the amended version of R.C. 5553.11.  The basis for this argument is somewhat unclear, but we construe the argument as an argument that the present case has arisen after the legislative change.  See *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, at ¶10 (a prospective statute only applies "to cases which arise subsequent to its enactment") (quotations omitted).

{¶35}    Admittedly, this argument might present a close question in regard to appeals and remands from a court of common pleas to a county board of commissioners.  But the relevant case is the mandamus action.  That action has been pending before the trial court since May 17, 2006.  Since Jeffers filed the mandamus action prior to the effective date of the statute, there is no question but that the case "arose" prior to the statute.  And, we find that the trial court did not err in determining that the amendment to

R.C. 5553.11 does not apply to the present case.  Accordingly, we overrule the Board's second assignment of error.

## C. Ripeness

**{¶36}**    In its third through sixth assignments of error, the Board raises various other arguments.  The gist of these arguments is that Jeffers has suffered no damages from the Board's decision to vacate the roads.  Generally, the Board argues that Jeffers suffered no damages for the following reasons: (1) Jeffers could not have used the roads as ingresses and egresses for his proposed subdivision development; (2) the vacation of the roads does not prevent Jeffers from using them as private rights of way; (3) Jeffers may not use the value of his proposed subdivision to prove the loss of value of his property; and (4) the vacation of those roads did not land lock Jeffers's property.

**{¶37}**    We find that none of these issues are ripe for review at present.  For all we know, the Board may prevail on these issues in the damages proceedings under Chapter 163 of the Revised Code.  As such, we defer consideration of these issues until a lower court considers them in the first instance.

**{¶38}**    Accordingly, we overrule the Board's third, fourth, fifth, and sixth assignments of error.

## IV.

**{¶39}**    Having overruled Jeffers's assignment of error and all of the Board's assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

Harsha, P.J., concurring:

**{¶40}**     I concur in judgment and opinion in case number 10CA15, which affirms the

issuance of a writ of mandamus ordering the county commissioners to institute

damages proceedings under Revised Code Chapter 163.  Because that result renders

Jeffers' appeal in case number 10CA3 moot, I concur in judgment only in that case.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and each of the appellants pay the costs in each appeal herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, P.J.:  Concurs in Judgment and Opinion with Opinion as to 10CA15;
      Concurs in Judgment Only with Opinion as to 10CA3.
McFarland, J.:  Concurs in Judgment Only.


For the Court


BY:  _____
   Roger L.  Kline, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**