[Cite as *State Bank & Trust Co. v. Smith*, 2019-Ohio-5273.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

| | |
|---|---|
| The State Bank and Trust Company | Court of Appeals No. WM-19-003 |
| Appellant | Trial Court No. CVI1900103 |
| v. | |
| Carly L. Smith | **DECISION AND JUDGMENT** |
| Appellee | Decided: December 20, 2019 |

* * * * *

Kevin J. Whitlock and Kayla A. Baker, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 25, 2019 judgment of the Bryan Municipal Court dismissing a small claims complaint with prejudice.

{¶ 2} In this case, on January 22, 2019, appellant, The State Bank and Trust Company, filed a small claim petition against the appellee, Carly L. Smith, in the Bryan Municipal Court, Small Claims Division.

{¶ 3} The petition sought the sum of $1,078.38 from appellee upon a delinquent account in addition to fees, court costs and costs of the action.

{¶ 4} On January 25, 2019, the clerk mailed a summons to the parties to appear for a hearing on March 25, 2019.

{¶ 5} When the case was called, the following occurred:

THE COURT:  Are you ready to proceed?

PLAINTIFF'S ATTORNEY:  Your Honor, I do not have a client present.  So if this Court would allow a continuance, or we can dismiss and re-file, whichever you prefer.

THE COURT:  The case will be dismissed.  They know to be here. Case is dismissed.

PLAINTIFF'S ATTORNEY:  Without prejudice, Your Honor?

THE COURT:  Well, from - - well, no.  They're here.  So, yeah, it's with prejudice.  We're done.  If they can't be here, then we're done.

{¶ 6} Procedurally, appellant filed a motion for reconsideration which was denied by the court.

{¶ 7} Appellant presents a single assignment of error:

I.  THE MUNICIPAL COURT ABUSED ITS DISCRETION IN REFUSING TO GRANT PLAINTIFF'S MOTION FOR DISMISSAL PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 41(A)(2) AND DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE.

2.

**{¶ 8}** Generally, the trial court's decision to grant or deny a Civ.R. 41(A)(2) dismissal will not be disturbed on appeal absent a finding of abuse of discretion. *Edwards v. Reser*, 6th Dist. Ottawa No. OT-07-022, 2007-Ohio-6520, ¶ 39. An abuse of discretion connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 9}** Civ.R. 41(A)(2) provides:

(2) By order of court. Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, a claim shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice.

**{¶ 10}** In *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255, 444 N.E.2d 1068 (9th Dist.1981), the Ninth District Court of Appeals adopted the federal courts' construction of Fed.R.Civ.P. 41(a)(2), which emphasizes the traditional rule that voluntary dismissals

3.

should be allowed unless the defendant will be prejudiced "'other than [by] the mere prospect of a second lawsuit.'" *Douthitt* at 256, quoting *Holiday Queen Land Corporation v. Baker*, 489 F.2d 1031, 1032 (5th Cir.1974).

{¶ 11} The Third District has since also adopted the federal courts' interpretation of the rule. *Capital One Bank v. Woten*, 169 Ohio App.3d 13, 2006-Ohio-4848, 861 N.E.2d 859, ¶ 8 (3d Dist.). Likewise, we shall also adopt this interpretation of Civ.R 41(A)(2).

{¶ 12} Like the facts in *Douthitt*, the record before us contains no evidence that would show any prejudice to the defendant other than the prospect of a second lawsuit. However, the plaintiff will suffer great prejudice in that its causes of action will be forever barred.

{¶ 13} And similar to the court's findings in *Woten,* in this instance, the trial court made no further inquiry regarding any other prejudice or hardship that appellee might have incurred if the motion were granted. Therefore, we find that the trial court abused its discretion by unreasonably and arbitrarily denying The State Bank and Trust Company's oral motion to voluntarily dismiss without prejudice under Civ.R. 41(A)(2). Appellant's sole assignment of error is found well-taken.

{¶ 14} The judgment of the Bryan Municipal Court is reversed and remanded to the trial court for proceedings consistent with this decision. The costs of this appeal are assessed to appellee pursuant to App.R. 24.

4.

                                          Judgment reversed
                                             and remanded.
                          The State Bank and Trust Co.
                          v. Smith
                          C.A. No. WM-19-003

        A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                        JUDGE

Thomas J. Osowik, J.

Gene A. Zmuda, J.                          _____
CONCUR.                                                 JUDGE


                                           _____
                                                        JUDGE


          This decision is subject to further editing by the Supreme Court of
      Ohio's Reporter of Decisions.  Parties interested in viewing the final reported

version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.